**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DANIELLE ROBINSON,**

    **Plaintiff,**

v.                                                                        **Case No. 8:25-cv-01154-WFJ-AEP**

**EARLY WARNING SERVICES, LLC**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's Motion to Dismiss (Doc. 9). Plaintiff filed her response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 11), and Defendant filed a Reply in Support of its Motion to Dismiss (Doc. 14), to which the Plaintiff objected (Doc. 15). Upon consideration, it is recommended that Defendant's Motion (Doc. 9) be GRANTED to the extent that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, allowing 20 days for leave to amend to provide greater detail as to the actions of Defendant regarding the consumer report under 15 U.S.C. §§ 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), including all other deficiencies raised in Defendant's Motion (Doc. 9).

    **I.**    **Background**

On March 10, 2025, Plaintiff Danielle Robinson received a consumer report from Defendant Early Warning Systems, LLC after being denied a bank account, which allegedly included multiple accounts Plaintiff did not recognize. (Doc. 1-1 at 3). On March

13, 2025, Plaintiff disputed the accounts in question and requested that Defendant investigate the accuracy of the issued report. (Doc. 1-1 at 3). Defendant provided Plaintiff with the results of their investigation pertaining only to Plaintiff's PNC and Fidelity accounts on March 31, 2025, and April 2, 2025. (Doc. 1-1 at 4). On or about April 4, 2025, Plaintiff filed her Complaint against Defendant, alleging violations of 15 U.S.C. §§ 1681e(b) and 1681i(a) of the FCRA and the FDUTPA. (Doc. 1 at 1). Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to allege facts supporting these claims. (Doc. 9). Plaintiff rejected Defendant's arguments and requested that the Court allow her leave to amend her complaint to add additional facts and exhibits. (Doc. 11 at 5).

## II.    Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all of the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). The court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

### III. Discussion

The Defendant argues that all three of the Plaintiff's claims are insufficient and should be dismissed. (Doc. 9). First, the Defendant claims that the Plaintiff failed to prove they published a consumer report or reported inaccurate information to a third party, both of which are essential for an actionable claim under § 1681e(b). (Doc. 9 at 5-8). Second, the Defendant contends that the Plaintiff's § 1681i claim was premature and that the Plaintiff did not adequately allege that the Defendant conducted an unreasonable or improper reinvestigation. (Doc. 9 at 9-14). Third, the Defendant asserts that Florida's "safe harbor" provision shields it from liability, but if the Court determines otherwise, the Plaintiff still has not stated a sufficient claim under the FDUTPA. (Doc. 9 at 14-17). The Plaintiff responds and presents additional facts to demonstrate that the Defendant is liable for each claim (Doc. 11), to which the Defendant maintains its support for the Motion (Doc. 14). This Court will address each argument in turn.

### A. Plaintiff insufficiently pleaded facts to show Defendant failed to ensure maximum possible accuracy of a consumer report under §1681(e)b

To prevail on a claim under § 1681e(b), the plaintiff must plead that a credit reporting agency ("CRA"): (1) published an inaccurate consumer report to a third party; (2) failed to follow reasonable procedures to ensure maximum possible accuracy of its reports; and (3) failed to follow reasonable procedures which caused damages to the plaintiff. *See Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009).* Plaintiff's Complaint concludes that Defendant reported unverified and inaccurate account information without confirming its accuracy, and thereby failed to take reasonable steps to

ensure the accuracy of the report. (Doc. 1 at 4). In its Motion, Defendant argues that Plaintiff's Complaint lacks key facts: (1) the third party to whom the report was published; (2) evidence that Defendant used reasonable procedures when preparing the report; and (3) specific inaccuracies in her consumer report (Doc. 9). Plaintiff counters that she suffered a concrete injury, specifically being denied a bank account, and claims that identifying unverified accounts sufficiently shows Defendant failed to follow reasonable procedures (Doc. 11 at 1-2). She also provided additional facts about her driver's license to highlight Defendant's misleading conduct, which were absent from her original Complaint (Doc. 11 at 2).

However, Plaintiff's Complaint mainly consists of legal conclusions presented as factual allegations, such as reports of unverified and inaccurate account information, which are inadequate to state a claim. If Plaintiff amends her Complaint, she should include all relevant facts to state a plausible claim that shows Defendant failed to maintain maximum accuracy of the consumer information.

### B. Plaintiff insufficiently pleaded facts to show Defendant failed to conduct a reasonable investigation under § 1681i

When a consumer disputes the accuracy of information contained in their consumer report, § 1681i requires all CRAs to conduct a reasonable reinvestigation within 30 days to determine the accuracy of the disputed information. 15 U.S.C. § 1681i(a)(1)(A) (2025). Plaintiff's Complaint concludes that Defendant failed to conduct a reasonable investigation because it lacked access to necessary documents to verify the disputed accounts and relied on hearsay, which violated federal law. (Doc. 1 at 4). Defendant rejects this argument and contends Plaintiff failed to sufficiently plead that: (1) any consumer report of the Defendant contained inaccurate or incomplete information; (2) Defendant

4

failed to timely respond or conduct a reasonable reinvestigation of the disputed items; and (3) Defendant's actions failed to constitute a reasonable investigation of the disputed items pertaining to Plaintiff's PNC and Fidelity accounts. (Doc. 9 Plaintiff submits reinvestigation letters showing that Defendant completed investigations for two accounts before the Complaint was filed. (Doc. 11-1). However, she argues that Defendant failed to obtain supporting documentation or conduct an independent review, making the reinvestigation unreasonable (Doc. 11-1).

Once again, Plaintiff's Complaint lacks specific allegations about inaccuracies or incompleteness in Defendant's reports to establish a plausible claim, including details about the investigation into her PNC and Fidelity accounts. If Plaintiff chooses to amend her Complaint, she must address these deficiencies and include all relevant facts showing Defendant failed to conduct a proper investigation under 15 U.S.C. § 1681i.

### C. Plaintiff insufficiently pleaded facts to show Defendant engaged in deceptive and unfair practices in trade or commerce under the FDUTPA

Lastly, Plaintiff's Complaint alleges that Defendant engaged in deceptive and unfair practices by investigating the dispute without verification documents, continuing to report the unverified information, and misleading Plaintiff and financial institutions. (Doc. 1 at 4). Defendant first argues that it is protected from liability under the FDUTPA because its actions comply with Florida law. (Doc. 9 at 14-15). However, because federal law requires every CRA to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, it does not apply to the relevant state law. 15 U.S.C. § 1681g(a) (2025); Fla. Stat. 501.212(1) (2025). Yet, Plaintiff fails to address why Defendant is not protected by Florida's "safe harbor" provision. (Doc. 11 at 2-3).

5

Next, Defendant argues that even if it is not protected from liability, Plaintiff's Complaint lacks factual allegations of unconscionable, deceptive, misleading, or unfair conduct (Doc. 9 at 15-16). Simply labeling Defendant's actions as such without supporting facts fails to meet the plausibility standard under *Twombly*. Although Plaintiff alleges facts indicating such conduct (Doc. 11 at 3-4), the Complaint does not include specific claims of unfair or deceptive practices under FDUTPA. If Plaintiff seeks to amend her Complaint, she must address these deficiencies and provide all facts needed to state a plausible claim that Defendant engaged in unfair or deceptive acts in violation of the FDUTPA. Additionally, Plaintiff should respond to Defendant's argument that its actions are protected under FDUTPA's "safe harbor" provision by providing factual allegations to the contrary.

### IV.   Conclusion

As detailed above, Plaintiff's Complaint lacks factual allegations that sufficiently state a plausible claim of relief for the alleged misconduct. While Plaintiff offers some additional facts in response, she failed to include them in her Complaint and plead them with the requisite specificity. Upon consideration, it is hereby RECOMMENDED that Defendant's Motion (Doc. 9) be GRANTED to the extent that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, allowing 20 days for leave to amend.

DONE AND ORDERED in Tampa, Florida, on this 31st day of July 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record