UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE ROBINSON,

    Plaintiff,
v.                                                                         Case No. 8:25-cv-01154-WFJ-AEP

EARLY WARNING SERVICES, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss (Dkt. 9), Plaintiff's response and objection (Dkts. 11, 15), and Defendant's reply (Dkt. 14). The United States Magistrate Judge issued a report recommending that the motion be granted and the Complaint (Dkt. 1-1) be dismissed with leave to amend. Dkt. 17. The time for filing objections has passed.

The Court reviews the legal conclusions *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). After an independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

# DISCUSSION

Plaintiff Danielle Robinson sues Defendant Early Warning Services, LLC ("EWS"), alleging violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. §§ 1681e(b) and 1681i, and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* Dkt. 1-1. The Magistrate Judge properly dismissed Plaintiff's § 1681e(b) claim because, *inter alia*, Plaintiff fails to adequately allege a consumer report was published to a third party. Plaintiff's § 1681i claim was also dismissed because Plaintiff failed to sufficiently allege that EWS's failure to reinvestigate caused her out-of-pocket losses or other intangible damages. Finally, Plaintiff's FDUTPA claim was dismissed because, among other things, EWS was fulfilling its obligations under the FCRA, and the FDUTPA does not apply to acts authorized by or required by federal law. *See* Dkt. 17. The Court supplements each point made by the Magistrate Judge to explain why Plaintiff's Complaint is dismissed without prejudice.

## I.  Plaintiff's FCRA Claims

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "The FCRA creates a private right of action against consumer reporting agencies for the negligent, or willful, violation

of any duty imposed under the statute." *Collins v. Experian Info. Sol., Inc.* 775 F.3d 1330, 1333 (11th Cir. 2015) (citing *Safeco*, 551 U.S. at 53 (2007)).

    a.  <u>Count I: Plaintiff's §1681e(b) Claim</u>

Plaintiff's first claim alleges that Defendant violated §1681e(b) of the FCRA. Dkt. 1-1 at 3. Defendant argues this claim should be dismissed because Plaintiff has not identified an inaccurate consumer report published to a third party. Dkt. 9 at 6. Under § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a claim under § 1681e(b), "a consumer must show that (1) a credit reporting agency published an inaccurate report to a third party; (2) the agency publishing the report failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports; and (3) the agency's failure to follow reasonable procedures caused actual damages to the consumer." *Bermudez v. Equifax Info. Servs., LLC*, No. 607CV-1492-ORL-31GJK, 2008 WL 5235161, at *2 (M.D. Fla. Dec. 15, 2008) (citing *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006)). Plaintiff's Complaint fails to allege all three elements adequately.

Plaintiff fails to establish the first element of a § 1681e(b) claim. To establish this element, Plaintiff must allege that EWS published an inaccurate consumer report to a third party. *See Bermudez*, 2008 WL 5235161 at *2. However, the document that

3

Plaintiff alleges to be inaccurate is actually her consumer file, not a consumer report. *See Collins*, 775 F.3d at 1335 (explaining that the difference in definition between a consumer report and a consumer file is that the consumer report is published to a third party while a consumer file is retained by a credit reporting agency). Because the allegedly inaccurate document is her consumer file, not a consumer report, Plaintiff has failed to allege EWS published an inaccurate consumer report to a third party. Plaintiff should allege facts about which third party her consumer report was published to and what inaccurate information was included on the report if she wishes to proceed with her § 1681e(b) claim. *See Thomas v. Equifax Info. Services, LLC*, No. 1:22-CV-4848-CAP-JKL, 2023 WL 4049317, at *3 (N.D. Ga. Apr. 12, 2023), *report and recommendation adopted*, No. 1:22-CV-4848-CAP, 2023 WL 4049315 (N.D. Ga. May 3, 2023) (dismissing the § 1681e(b) claim where the plaintiff failed to allege facts identifying the third party to whom a credit report was furnished).

Even if Plaintiff had adequately alleged the first element, Plaintiff fails to establish the second element of a § 1681e(b) claim. To establish this element, Plaintiff must allege that EWS failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports. *See Bermudez*, 2008 WL 5235161 at *2. Plaintiff alleges that EWS included at least six unrecognized accounts in her consumer file and EWS failed to verify their accuracy or remove them after she

4

disputed the accounts. Dkt. 1-1 at 3. Plaintiff's allegations focus on EWS's reinvestigation process rather than the procedures it used prior to including the disputed accounts in a consumer report published to a third party. To satisfy this element, Plaintiff must allege that EWS had unreasonable procedures in place *before* the information was reported to a third party, not simply that it failed to correct the errors after she disputed them. *See Willingham v. Glob. Payments, Inc.*, No. 1:12-CV-01157-RWS, 2013 WL 440702, at *13 (N.D. Ga. Feb. 5, 2013) (specifying that the reasonable procedures requirement of § 1681e(b) is limited to the furnishing of consumer reports to third parties). Without alleging specific facts showing that EWS failed to use reasonable procedures in preparing a consumer report for a third party, Plaintiff fails to establish the second element of a § 1681e(b) claim.

Finally, even if Plaintiff had adequately alleged the first and second elements, Plaintiff fails to establish the third element of a § 1681e(b) claim. This element requires Plaintiff to demonstrate that EWS's failure to follow reasonable procedures caused actual damages to the consumer. *See Bermudez*, 2008 WL 5235161, at *2. Plaintiff claims that she suffered denial of banking services, emotional distress, reputational harm, and time and effort spent disputing the inaccurate accounts. Dkt. 1-1 at 5. However, Plaintiff does not allege that any of these harms were the result of a consumer *report* being provided to a third party as required under §1681e(b).

*See id.* Because Plaintiff does not allege that a consumer report was ever published to a third party, she cannot plausibly claim that EWS's allegedly unreasonable procedures in preparing a consumer report caused her damages.

Plaintiff's § 1681e(b) claim is dismissed because Plaintiff fails to adequately allege that an inaccurate consumer report was published to a third party.

    b. <u>Count II: Plaintiff's §1681i claim</u>

Plaintiff's second claim is that Defendant violated § 1681i of the FCRA. Dkt. 1-1 at 4. Defendant argues that this claim should be dismissed because Plaintiff did not adequately allege that the EWS report contained any inaccurate information. Dkt. 9 at 9. Under § 1681i, if a consumer disputes any information in their consumer file, the agency must "conduct a reasonable investigation to determine whether the disputed information is accurate." 15 U.S.C. § 1681i(a)(1)(A). To establish a claim under §1681i, Plaintiff must allege that "(1) the [consumer report in dispute] contains inaccurate or incomplete information; (2) the [plaintiff] notified the [CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the [CRA] failed to respond or conduct a reasonable reinvestigation of the disputed items; [and] (5) the failure to reinvestigate caused the [plaintiff] to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress." *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (internal quotation

marks omitted) (quoting *Bermudez*, 2008 WL 5235161, at *4). Plaintiff's Complaint fails to adequately allege element five.

Under § 1681i, a consumer reporting agency has thirty days to reinvestigate disputed account information and report back to a consumer. 15 U.S.C. §1681i(a)(1)(A). Defendant argues that Plaintiff's § 1681i claim is premature because this action was brought before the statutory thirty-day reinvestigation period had lapsed. Dkt. 9 at 12. Defendant is correct that Plaintiff's Complaint is premature as to some of the allegedly inaccurate accounts listed on her consumer file. However, Defendant concedes in the Motion to Dismiss that Defendant's investigation of the PNC and Fidelity accounts was completed. Dkt. 9 at 12. Therefore, Plaintiff's claim is not untimely as to the reasonableness of the reinvestigation of the PNC and Fidelity accounts on her consumer file.

Plaintiff successfully establishes the first element of a § 1681i claim. To establish this element, Plaintiff must allege that her consumer file contains inaccurate or incomplete information. *See Lazarre*, 780 F. Supp. 2d at 1329. In the introduction to her Complaint, Plaintiff alleges that EWS included inaccurate and unverified account information on her consumer file. Dkt. 1-1 at 1. Plaintiff then identifies at least six accounts that she "did not recognize" on her consumer file. *Id.* at 2. Under the principle that all factual allegations must be accepted as true when considering a motion to dismiss, this Court finds that Plaintiff has adequately alleged

that the consumer file contains inaccurate or incomplete information. *See Ashcroft* 556 U.S. at 678.

Plaintiff also successfully establishes the second element of a § 1681i claim. To establish this element, Plaintiff must allege that she notified EWS of the alleged inaccuracy. *See Lazarre*, 780 F. Supp. 2d at 1329. Plaintiff clearly alleges that she notified EWS of the alleged inaccuracy and requested an investigation on March 13, 2025. Dkt. 1-1 at 2. This Court finds that Plaintiff has adequately alleged that she notified EWS of the alleged inaccuracies.

Plaintiff sufficiently establishes the third element of a § 1681i claim. To establish this element, Plaintiff's dispute must not be frivolous or irrelevant. *See Lazarre*, 780 F. Supp. 2d at 1329. Plaintiff's dispute does not seem to be frivolous or irrelevant because EWS allegedly responded and investigated when she notified them of the accounts she did not recognize. Dkt. 1-1 at 2–3. Defendant also does not allege that the dispute is frivolous in its motion to dismiss. *See* Dkt. 9. Absent any evidence or allegations to the contrary, this Court finds that Plaintiff has adequately alleged that her dispute is not frivolous or irrelevant.

Finally, Plaintiff successfully establishes the fourth element of a § 1681i claim. Plaintiff must allege that EWS failed to respond or conduct a reasonable investigation of the disputed information. *See Lazarre*, 780 F. Supp. 2d at 1329. Plaintiff alleges that EWS failed to conduct a reasonable investigation of the

8

disputed information because EWS referred her to the furnishers of her account information to obtain the copies of account documentation that she requested. Dkt. 1-1 at 3. Plaintiff alleges that because EWS did not obtain copies of account documentation from the furnishers, EWS "did not have the information necessary to verify the accuracy of the disputed accounts." *Id.* The Court makes no determination on whether EWS's reinvestigation was reasonable, because reasonableness is a factual question reserved for a jury in most cases. *See Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 946–47 (11th Cir. 2021). However, the Court finds Plaintiff has adequately alleged a plausible claim that EWS failed to reasonably reinvestigate her dispute.

Although Plaintiff adequately alleges elements one through four, Plaintiff fails to establish the fifth element of a § 1681i claim. Plaintiff must allege that EWS's failure to reinvestigate caused her out-of-pocket losses or other intangible damages. *See Lazarre*, 780 F. Supp. 2d at 1329. Plaintiff generally alleges that she experienced denial of banking services, emotional distress, and reputational damage. Dkt. 1-1 at 3. However, Plaintiff fails to tie these harms to EWS's failure to reasonably reinvestigate. The alleged denial of banking services occurred on a date *before* Plaintiff received her consumer file on March 10 and disputed the accounts on March 13, so the causal connection between the reinvestigation and the resulting damages is broken. *Id.* at 2. Without any allegation of out-of-pocket losses or emotional

9

distress damages *after* the reinvestigation by EWS, Plaintiff fails to adequately allege the fifth element. Thus, Plaintiff's § 1681i claim is due to be dismissed because Plaintiff fails to adequately allege that EWS's failure to reinvestigate caused her out-of-pocket losses or other intangible damages.

## II.     Plaintiff's FDUTPA claim

Plaintiff's third claim is that Defendant violated the FDUTPA. Dkt. 1-1 at 4-5. The purpose of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202. To state a claim under the FDUTPA, Plaintiff must "establish: '(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'" *Baptist Hosp. Inc., v. Baker*, 84 So. 3d 1200, 1204 (Fla. 1st DCA 2012) (quoting *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008)). Plaintiff's Complaint fails to adequately allege all three elements.

Plaintiff fails to establish the first element of a FDUTPA claim. Plaintiff must allege EWS engaged in a deceptive act or unfair practice. *See Baptist*, 84 So. 3d at 1204. A deceptive act "is one that 'is likely to mislead' consumers." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2008) (quoting *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000)). An unfair practice "offends established public policy" and is "immoral, unethical, oppressive, unscrupulous or substantially

injurious to consumers." *Id.* (internal quotation marks omitted) (quoting *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001)). However, the FDUTPA does not apply to any "act or practice required or specifically permitted by federal or state law." Fla. Stat. § 501.212(1). Plaintiff's claim arises out of EWS fulfilling its obligation under the FCRA to provide Plaintiff with her consumer file. *See* 15 U.S.C. § 1681g(a)(1) ("Every consumer reporting agency shall, upon request, . . . disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request). This Court finds that the FDUTPA does not apply here, and EWS did not engage in any deceptive act or unfair practice because EWS was fulfilling a duty required by federal law when it disclosed Plaintiff's consumer file to her. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1099 (11th Cir. 2021) ("FDUTPA does not apply to '[a]n act or practice required or specifically permitted by federal or state law.'").

Even if the FDUTPA did apply here, Plaintiff fails to establish the second and third elements of a FDUTPA claim. Plaintiff must allege a causal link between EWS's deceptive act or unfair practice and resulting actual damages. *See Gavron v. Weather Shield Mfg., Inc.*, 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011). "Actual damages are 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered[.]'" *Baptist*, 84 So. 3d at 1204 (quoting *Rollins v. Heller*,

454 So. 2d 580, 585 (Fla. 3d DCA 1984)). Plaintiff cannot recover "nominal damages, speculative losses, or compensation for subjective feelings of disappointment" under the FDUTPA. *Calderon v. Six Rent a Car, LLC*, 114 F.4th 1190, 1209 (11th Cir. 2024) (internal quotation marks omitted) (quoting *Butland*, 951 So. 2d at 873). In other words, Plaintiff must allege she "suffered 'out-of-pocket damages.'" *Id.* (quoting *Himes v. Brown & Co. Secs. Corp.*, 518 So. 2d 937, 938 (Fla. 3d DCA 1987). Plaintiff alleges she experienced emotional distress, embarrassment, and denial of banking services, but her Complaint is devoid of any allegation or calculation of out-of-pocket damages. *See* Dkt. 1-1. As such, Plaintiff's FDUTPA claim is dismissed because the FDUTPA does not apply to acts required by federal law.

## CONCLUSION

For the reasons explained in the Report and Recommendation, and in conjunction with an independent examination, the Court rules as follows:

1. The Report and Recommendation (Dkt. 17) is **adopted, confirmed, and approved** in all respects and made a part of this order.

2. Defendant's motion to dismiss (Dkt. 9) is **granted.**

3. Plaintiff's complaint (Dkt. 1-1) is **dismissed without prejudice** and with leave to amend. If Ms. Robinson wishes to proceed, she must file an amended

complaint paying careful attention to the requirements set forth in this Order and the Report and Recommendation **within thirty (30) days** of the date of this Order.

4. Should Plaintiff fail or choose not to timely file an amended complaint, this case will be dismissed without prejudice and closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*